UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RICHARD KRAUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CAUSE NO: 2:17-cv-327 |
| MATRIX NORTH AMERICAN | ) | |
| CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

The plaintiff, Richard Kraus, brings this action against his employer, Matrix North American Construction, Inc. (hereinafter "Defendant"), alleging that Defendant violated his rights under the Americans With Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq*. and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

### II. Parties

1.      Kraus has resided in Illinois at all relevant times.

2.      Defendant is located in and/or conducts business in the Northern District of Indiana at all relevant times.

3.      Kraus performed work for Defendant in the Northern District of Indiana at all relevant times.

### III. Jurisdiction and Venue

4.      Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and

1

29 U.S.C. § 2611(4).

5.    Kraus was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2).

6.    At all relevant times, Kraus was an "eligible employee" as that term is defined by the FMLA.

7.    At all relevant times, Kraus had a "serious health condition" as that term is defined by the FMLA.

8.    At all times relevant, Kraus is a qualified individual with a disability, is regarded as disabled by the defendant, and/or has a record of disability as defined by the ADA.

9.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2).

10.    Kraus satisfied his obligations to exhaust his administrative remedies and now timely files his lawsuit.

11.    Venue is proper in this Court.

### IV.  Factual Allegations

12.    In or about 2007, Kraus began working as a Pipe Fitter for a company that was eventually purchased by Defendant.  Kraus performed his job duties in a competent and satisfactory manner, carrying out the essential functions of the job.

13.    At all relevant times, Kraus' supervisor was Adrian Lopez, Superintendent.

14.    At all relevant times, Kraus is deaf and suffers from heart disease.

15.    Kraus' disabilities substantially limit one or more major life activities, including, but not limited to, hearing, breathing, and working; and substantially limits one or more major

bodily function, including, but not limited to, functions of the auditory system and the circulatory system.

16.     On or about November 8, 2016, Kraus notified Defendant that he needed heart surgery and would need a medical leave from work.

17.     Kraus' request for medical leave constitutes a request for a reasonable accommodation and engagement in protected activity.

18.     On or about November 10, 2016, Kraus underwent quadruple bypass surgery.

19.     On or about November 12, 2016, Lopez visited Kraus in the hospital and tried to convince him to retire.  Kraus stated that he did not intend to retire and complained to Lopez about his discriminatory actions.

20.     Kraus' complaint constitutes engagement in protected activity.

21.     Defendant failed to engage Kraus in the interactive process and failed to offer him a reasonable accommodation.

22.     Defendant failed to inform Kraus of his FMLA rights, failed to provide him with FMLA paperwork, failed to offer him FMLA leave, and/or failed to grant him FMLA leave.

23.     Defendant terminated Kraus on or about December 1, 2016.

24.     Kraus' was replaced by and/or his duties were assumed by an employee not in his protected class(es).

25.     Kraus has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

3

## V.  Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION – ADA

26.     Kraus hereby incorporates paragraphs 1 - 25 of his Complaint.

27.     The acts alleged above constitute unlawful employment practices in violation of the ADA.

28.     Defendant failed and refused to apply the same standard to Kraus as it has applied to similarly situated employees who are not disabled, who do not have a record of disability, and/or who it does not regard as disabled.

29.     Defendant took unlawful actions against Kraus when it terminated his employment.

30.     Defendant's actions, as alleged above, deprived Kraus of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

31.     Kraus has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

32.     Defendant's unlawful actions against Kraus were intentional, willful, and done in reckless disregard of Kraus' rights as protected by the ADA.

### COUNT II

### FAILURE TO ACCOMMODATE – ADA

33.     Kraus hereby incorporates paragraphs 1 - 32 of his Complaint.

34.     The acts alleged above constitute unlawful employment practices in violation of the ADA.

4

35.     Defendant failed to engage Kraus in the interactive process and failed to provide him with a reasonable accommodation.

36.     Defendant's actions, as alleged above, deprived Kraus of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

37.     Kraus has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

38.     Defendant's unlawful actions against Kraus were intentional, willful, and done in reckless disregard of Kraus' rights as protected by the ADA.

## COUNT III

### RETALIATION – ADA

39.     Kraus hereby incorporates paragraphs 1 - 38 of his Complaint.

40.     The acts alleged above constitute retaliation for engagement in protected conduct in violation of the ADA.

41.     Defendant failed and refused to apply the same standard to Kraus as it has applied to similarly situated employees who have not engaged in protected conduct.

42.     Defendant took unlawful actions against Kraus when it terminated his employment.

43.     Defendant's actions, as alleged above, deprived Kraus of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

44.     Kraus has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

45.     Defendant's unlawful actions against Kraus were intentional, willful, and done in reckless disregard of Kraus' rights as protected by the ADA.

<strong>COUNT IV</strong>

<strong>VIOLATIONS OF THE FMLA</strong>

46.     Kraus hereby incorporates paragraphs 1 – 45 of his Complaint.

47.     The acts alleged above constitute unlawful employment practices in violation of the FMLA.

48.     Defendant interfered with Kraus' rights under the FMLA, including, but not limited to, when the defendant failed to inform him of his FMLA rights, failed to provide him with his FMLA paperwork, failed to offer him FMLA leave, and/or failed to grant him FMLA leave.

49.     Defendant's actions, as alleged above, deprived Kraus of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

50.     Kraus has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

51.     Defendant's unlawful actions against Kraus were intentional, willful, and done in reckless disregard of Kraus' rights as protected by the FMLA.

<strong>VI.  Relief Requested</strong>

WHEREFORE, Plaintiff, Richard Kraus, by counsel, respectfully requests that this Court find for him and order that:

1.     Defendant reinstate Kraus to the same or similar position, salary, and seniority, or pay front pay and benefits to Kraus in lieu of reinstatement;

2.      Defendant pay lost wages and benefits to Kraus;

3.      Defendant pay liquidated damages to Kraus;

4.      Defendant pay compensatory and punitive damages to Kraus;

5.      Defendant pay pre- and post-judgment interest to Kraus;

6.      Defendant pay Kraus's attorneys' fees and costs incurred in litigating this action;

and

7.      Defendant pay to Kraus any and all other legal and/or equitable damages that this

Court determines appropriate and just to grant.

Respectfully submitted,


*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com


## DEMAND FOR JURY TRIAL

The Plaintiff, Richard Kraus, by counsel, respectfully requests a jury trial as to all issues

deemed so triable.

Respectfully submitted,


*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)


7